450 So.2d 648 (1984)
STATE of Louisiana
v.
Joseph WHITE.
No. 82-KA-2607.
Supreme Court of Louisiana.
May 14, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William Campbell, David L'Hoste, Bruce Bailey, Asst. Dist. Attys., for plaintiff-appellee.
Milton Masinter, New Orleans, for defendant-appellant.
BLANCHE, Justice.
The defendant in this case was arrested and charged by bill of information with possession of heroin with intent to distribute, *649 a violation of La.R.S. 40:967. After a jury trial, defendant was found guilty and sentenced to life imprisonment. From this conviction, defendant now appeals.

FACTS
Two New Orleans police officers, Detective Bruce Adams and Officer Ronald Johnson, were traveling in an unmarked police car on January 17, 1980, when they were flagged down by an unidentified man. This anonymous individual told the officers that the defendant was standing on the corner of Dorgenois and London Avenue, with a match box full of heroin in his possession, waiting to sell the drug. Based on this information, the two officers arrived at the street corner described by the informant, and observed defendant talking to several other men, while holding a matchbox with silver tin foils protruding from it. The police then stopped and frisked defendant and made a field test of the contents of the matchbox. Defendant and the other men present were then arrested and taken to the Narcotics Division of the New Orleans Police Department. Subsequently, the other three men were released.
Tests of the contents of the matchbox revealed the substance to be heroin. All totaled, defendant was carrying twenty-seven foils of heroin at the time of his arrest. Based on these facts, defendant was charged with possession of heroin with intent to distribute.
At trial, Officer David Peralta of the New Orleans Police Department was qualified, over defense objections, as an expert in the area of packaging and distribution of controlled dangerous substances. Officer Peralta testified that the heroin seized was valued at $900 and was approximately the size of a "bundle", the normal wholesale quantity of heroin. After this explanation, the following colloqy ensued:
MR. L'HOSTE: This is a hypothetical question. If someone is standing on the corner of London and Dorgenois with a matchbox which contained twenty seven foils of heroin, in your professional opinion, what is the probabilitywhat is the purpose of him standing there with that match box of heroin ...
WITNESS: In my opinion, a person standing on the street corner with a matchbox containing say twenty-seven tin foils containing heroin, would be there for the purpose of selling or distributing.
Counsel for defendant objected to the questions, arguing that the question purported hypothetical stated facts which were identical to the evidence in the instant case and that the expected answer would usurp the function of the jury. However, the court considered the question merely a hypothet and overruled defense's objection.
Later in the trial, the State attempted to impeach one of the defendant's witnesses, Robert Norwood, by introducing a statement made by Norwood to one of the arresting officers. Norwood denied making the statement, and over defense objection, the officer was permitted to testify to the fact that a statement was made, without going into the substance of the statement.
In appealing his conviction, defendant assigns as error the court's qualification of Officer Peralta as an expert and particularly, his testimony in response to the State's hypothet. Additionally, defendant objects to the trial court's failure to give a limiting instruction to the jury regarding the State's impeachment of Norwood.

Assignment of Error No. 1
By this assignment, defendant complains both of Officer Peralta's qualification as an expert in narcotics trafficking and package, and more specifically, to his being allowed to answer the State's detailed hypothet.
Before any witness can give evidence as an expert, his competency so to testify must have been established to the satisfaction of the court. La.R.S. 15:466, State v. Trosclair, 443 So.2d 1098 (La. 1983). Officer Peralta offered the following qualifications: (1) a bachelor's degree in Criminal Justice; (2) a graduate of a two week school run by the Department of Justice Drug Enforcement administration; (3) *650 graduation from the New Orleans Police Academy; (4) five years experience on the Narcotics Division of the New Orleans Police Department; (5) appearances at the police academy and several universities as a lecturer in the field of distribution of narcotics; (6) qualification as an expert in all sections of the Orleans Parish Criminal District Court.
This lengthy list of qualifications satisfied the trial judge that Officer Peralta was an expert in drug trafficking. Given the officer's experience and training, we find no abuse of discretion on the part of the trial judge in accepting Peralta as an expert witness.
Assuming the officer was competent to testify concerning the practices of drug dealers, the question remains as to whether the officer could give his opinion to the hypothetical question posed by the State.
La.R.S. 15:464 provides that:
On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony.
Clearly, an expert in drug distribution can give his opinion as to practices about which the average juror would have no competence. Earlier in his testimony, Officer Peralta testified that possession of twenty-five foils of heroin was generally considered a wholesale amount of heroin. Transc., p. 57. This was permissible opinion testimony, since knowledge of the amount of heroin usually used or possessed for personal consumption as distinguished from amounts possessed for sale or distribution was not a fact within the knowledge of the average individual.
On the other hand, the ultimate issue of the defendant's guilt is not a question reserved for an expert witness. In State v. Wheeler, 416 So.2d 78 (La.1982), this Court held that the testimony of a narcotics officer in response to a hypothetical question was in fact an expression of opinion as to the defendant's guilt and constituted reversible error. The expert in Wheeler was given a detailed hypothet paralleling the actual fact situation produced at trial, in which the defendant was apprehended on a street corner, holding a grocery bag containing ten coin envelopes full of marijuana. He was then asked:
Q. In your expert opinion what is the likelihood of this individual being involved in the distribution of marijuana?
A. In my opinion the person would be involved in the distribution of marijuana, he might have a dime bag, but not several dime bags and he would not have $350.00.
416 So.2d 78, 79. This court found that the officers' testimony "was tantamount to an opinion that the defendant was guilty of the crime charged" an issue over which the officer was no more expert than the jurors, 416 So.2d at 81.
In State v. Montana, 421 So.2d 895 (La. 1982), the defendant was arrested with his girlfriend for possession of heroin with intent to distribute. The officer testifying as an expert in drug trafficking was asked whether in his opinion, if a male and female were arrested, the male carrying $470.00 in cash and the female holding two balloons filled with heroin, the two were planning to distribute the heroin. Again, the facts in the hypothet were identical to the evidence of defendant's activities shown at trial. Applying Wheeler, this court noted that inferences as to the ultimate issue of defendant's guilt are for the jury alone to determine, and held that the court's admission of the expert's opinion testimony constituted reversible error. 421 So.2d at 900.
Comparing the present case with the Montana and Wheeler decisions, we find nothing which would distinguish the instant case and permit the testimony of Officer Peralta. The hypothetical factual situation posed by the State was virtually identical to the actual evidence produced at defendant's trial. By stating that in his opinion, a person standing on a streetcorner with 27 foils of heroin was there for the purpose of selling narcotics, Officer *651 Peralta was usurping the jury's function as finder of fact.
This assignment of error has merit.

Assignment of Error No. 2
By his second assignment of error, defendant urges that the trial court erred in allowing the State to impeach Robert Norwood by offering a prior inconsistent statement without giving a limiting instruction to the jury.
During the trial, the trial judge was careful not to allow Norwood's impeachment to go beyond the officer's testimony that Norwood did in fact make the statement, which he had previously denied. Clearly a statement by Norwood that described a statement made by defendant was hearsay, and was admissible only on the issue of credibility and not as substantive proof of defendant's guilt. State v. Allien, 366 So.2d 1308 (La.1978). Had defendant so requested, the trial court would have been required to give a limiting instruction. By failing to specifically request such an instruction at the time, however, defendant waived his right to complain on appeal. State v. Laprime, 437 So.2d 1124, 1126-7 (La.1983), State v. Ray, 259 La. 105, 249 So.2d 540 (La.1971).
This assignment of error lacks merit.

DECREE
Because we find that the first assignment of error has merit, we reverse defendant's conviction, vacate his sentence and remand for a new trial.
REVERSED AND REMANDED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
Prior to the "hypothetical question" in dispute, the state established that Officer Peralta had special knowledge, based on experience, of the methods typically employed in heroin distribution. This special knowledge would have been helpful to the jury in deciding whether defendant was guilty of distribution of heroin.
The import of Officer Peralta's answer to the "hypothetical question" was that the described conduct was typical of a person involved in the distribution of heroin. Since the content of the answer constituted admissible evidence, it was relatively unimportant that the form of the question was improper. In any event, the improper form was not so prejudicial as to require reversal of the conviction of this clearly guilty party.