499 So.2d 1324 (1986)
STATE of Louisiana
v.
William E. BARBRE.
No. CR86-10.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1325 Tony C. Tillman, Leesville, for defendant-appellant.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
Defendant in this case was arrested and charged by bill of information with four counts of armed robbery, a violation of La.R.S. 14:64, and with one count of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. After a jury trial, defendant was found guilty on all five counts. From this conviction, defendant now appeals.

FACTS
Between April of 1983 and July of 1984 three Vernon Parish businesses were robbed by a man armed with a gun. The L & M Quick Shop grocery store was robbed on April 9, 1983. The Hoagies and Heroes Shop in Leesville was robbed twice; once on August 5, 1983 and again on May 31, 1984. Also a Domino's Pizza employee was robbed outside of the Domino's Pizza Store on July 16, 1984.
In each case, the perpetrator was described as wearing blue jeans, an army fatigue field jacket, with a hood or wool cap, and a bandana across his nose and mouth. He was also described as carrying a small pistol.
The investigation of these robberies led to William E. Barbre, defendant in this case. Defendant, upon questioning, confessed in detail to all the robberies. A search of the defendant's residence also led to the discovery of sixteen one ounce plastic bags of marijuana and three quarter-pound bags of marijuana.
The defendant initially entered a plea of not guilty and not guilty by reason of insanity to each offense with which he was charged.
Upon defendant's application, the district court appointed a sanity commission to investigate and report on defendant's mental condition. After a hearing on the sanity commission's findings, the district court concluded that the defendant did have the mental capacity to stand trial. The district court also ruled on defendant's application for appointment of a psychiatrist to assist *1326 defendant in his defense. The district court concluded that defendant failed to establish that he was entitled to a court-appointed psychiatrist and, accordingly, refused defendant's request. Thereafter, defendant withdrew his pleas of not guilty and not guilty by reason of insanity and entered the plea of not guilty to all offenses with which he was charged.
After trial, the jury found defendant guilty on all counts. At the sentencing hearing, the district court sentenced defendant to serve a term of fifteen years at hard labor on each of the four armed robbery convictions, each to run consecutively. The district court also sentenced defendant to serve a term of five years at hard labor on the marijuana conviction, to run concurrently with the term for the last armed robbery conviction. The sentences on the armed robbery convictions were without benefit of parole, probation or suspension of sentence.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant contends that the trial court erred in failing to appoint a psychiatrist, at the State's cost, to examine defendant for the purpose of evaluating and preparing, and assisting in the preparation of defendant's defense.
Defendant argues that the United States Supreme Court decision in Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) mandates a finding that the trial court erred. In Ake, the Court was faced with the issue of whether the United States Constitution requires that an indigent defendant have access to the psychiatric examination and assistance necessary to prepare an effective defense based on his mental condition, when his sanity at the trial of the offense is seriously in question. In affirmatively answering that issue, the Court stated: "We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Ake, 470 U.S. at 83, 105 S.Ct. at 1097.
In applying this standard to the facts before it, the Court concluded that the defendant, Ake, was entitled to a court appointed psychiatrist to assist in his defense. In reaching this conclusion, the Court made the following observations:
"On the record before us, it is clear that Ake's mental state at the time of the offense was a substantial factor in his defense, and that the trial court was on notice of that fact when the request for a court-appointed psychiatrist was made. For one, Ake's sole defense was that of insanity. Second, Ake's behavior at arraignment, just four months after the offense, was so bizarre as to prompt the trial judge, sua sponte, to have him examined for competency. Third, a state psychiatrist shortly thereafter found Ake to be incompetent to stand trial, and suggested that he be committed. Fourth, when he was found to be competent six weeks later, it was only on the condition that he be sedated with large doses of Thorazine three times a day, during trial. Fifth, the psychiatrists who examined Ake for competency described to the trial court the severity of Ake's mental illness less than six months after the offense in question, and suggested that this mental illness might have begun many years earlier ... Finally, Oklahoma recognizes a defense of insanity, under which the initial burden of producing evidence falls on the defendant."
Ake v. Oklahoma, 470 U.S. 68, 86, 105 S.Ct. 1087, 1098 (1985).
The facts before this Court are considerably different than those before the Court in Ake. In this case, Dr. Kenneth Birchard, a psychiatrist, and Dr. S.J. Jones, examined defendant at the trial court's request, prior to trial. These doctors' findings were submitted to the trial court to determine defendant's mental capacity to stand trial. Both doctors concluded after examinations of the defendant that he was *1327 sane at the time the offenses were allegedly committed.
Defendant argues here that the doctors, in evaluating his mental condition, did not sufficiently consider the effects of head injuries he received in a motorcycle accident in 1979. We note here that Doctor Jones' report specifically mentions the 1979 accident and defendant's semicomatose condition for one and one-half months thereafter. Doctor Birchard's report does not mention the accident. We further note that the record does not reveal any basis upon which we can conclude that either doctor failed to competently evaluate defendant's mental condition. We conclude, therefore, that the trial court's reliance on the conclusions of the sanity commission in reaching its decision not to appoint a psychiatrist to assist defendant was not error.
Under the Ake test, defendant must demonstrate to the trial judge that his sanity at the time of the offense is to be a significant factor at trial. In this case, defendant pled not guilty and not guilty by reason of insanity to the armed robbery charges. The defendant failed to make any additional showing which would indicate to the trial judge that his sanity at the time of the offense would be a significant factor at trial. On the other hand, the trial judge was presented with the findings of the members of the sanity commission, indicating their opinion that defendant had the mental capacity to proceed and that he was sane at the time the offenses were committed. This evidence fully supports the trial judge's conclusion that defendant failed to show that sanity would be a significant factor at trial. We conclude, therefore, that the trial court did not err in denying the defendant's request for the appointment of a psychiatrist to assist in his defense.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, defendant contends that the trial court erred in allowing the jury to read a transcript of the defendant's taped confession while the confession was being played to the jury.
Defendant objected to the use of the transcript on the ground that the best evidence of defendant's confession is the tape itself. The Louisiana Supreme Court has held that a transcript of a tape is admissible over a best evidence objection under these circumstances, since the transcript provides the jury with the convenience in following the playback of the tape. State v. Burdgess, 434 So.2d 1062, 1066 (La. 1983); State v. Snedecor, 294 So.2d 207, 210 (La.1974). We conclude, therefore, that the trial court did not err in allowing the jury to read a transcript of defendant's taped confession during playback of the tape.

ASSIGNMENTS OF ERROR NOS. 3, 4, 5, AND 6
Defendant's third, fourth, fifth, and sixth assignments of error contest the trial court's allowance of State Trooper Herbert Cross to testify with respect to the use, possession, and trafficking of marijuana.
At trial defendant objected to Trooper Cross giving any testimony concerning the quantities of marijuana other individuals would possess for personal consumption and concerning the number of marijuana cigarettes other individuals would smoke per day. Defendant argued that testimony concerning these issues were irrelevant. Defendant also objected to the trial court's qualification of Trooper Cross as an expert witness on the use, possession, and trafficking of marijuana. Defendant finally objected to Trooper Cross' testimony on the basis that it went to the ultimate issue of fact concerning defendant's intent to distribute marijuana, which is reserved for the finder of fact.
Before any witness can give evidence as an expert, his competency to testify must have been established to the satisfaction of the court. La.R.S. 15:466; State v. Trosclair, 443 So.2d 1098, 1105 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). In the present case, it was established that Trooper Cross had *1328 been a law enforcement officer for ten and one-half years and in narcotics investigation for three years. Trooper Cross had been involved in undercover narcotics investigations and had lived with people involved in drug trafficking. While undercover, he had been involved in more than fifty actual drug transactions, which concerned the distribution of marijuana. He had lived with and dealt with persons who both used and dealt in marijuana.
Given the officer's substantial experience, we find no abuse of discretion on the part of the trial judge in accepting Trooper Cross as an expert in the field of use, possession, and trafficking of marijuana.
Upon being qualified as an expert, Trooper Cross testified that, of the persons he has observed, the quantity of marijuana that those persons would usually possess for their personal consumption would be less than an ounce. The trial judge ruled the testimony permissible. In State v. White, 450 So.2d 648, 650 (La.1984), a heroin distribution case, the Louisiana Supreme Court stated the following:
"Clearly, an expert in drug distribution can give his opinion as to practices about which the average juror would have no competence. Earlier in his testimony, Officer Peralta testified that possession of twenty five foils of heroin was generally considered a wholesale amount of heroin. Transc, pg. 57. This was permissible opinion testimony, since knowledge of the amount of heroin usually used or possessed for personal consumption as distinguished from amounts possessed for sale or distribution was not a fact within the knowledge of the average individual."
Under White, Trooper Cross' testimony concerning the quantities of marijuana other individuals would normally possess for personal consumption and use per day is admissible, since the average juror would not have knowledge of the amount of marijuana usually possessed for personal consumption and used each day as distinguished from amounts possessed for distribution.
The Louisiana Supreme Court in White also stated that the ultimate issue of the defendant's guilt is not a question reserved for an expert witness. In White the police officer testified specifically that a person standing on a street corner with twenty-seven foils of heroin was there for the purpose of selling narcotics. The Court held, relying on State v. Wheeler, 416 So.2d 78 (La.1982), that this testimony given by Officer Peralta, as an expert witness, had the effect of usurping the jury's function as finder of fact. White, supra, at 650.
In the instant case no such opinion testimony was elicited from the witness. Trooper Cross testified only to the amounts usually possessed for possession as distinguished from amounts possessed for sale or distribution; testimony which is clearly distinguishable from and permissible under White, supra. Therefore, we conclude that the trial court did not err in admitting this testimony.

ASSIGNMENT OF ERROR NO. 7
In his seventh assignment of error, the defendant contends his conviction for the four counts of armed robbery for which he was tried were based on insufficient evidence.
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State prove the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The statutory rule as to circumstantial evidence is that assuming every fact be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence *1329 has been excluded. State v. Austin, 399 So.2d 158 (La.1981).[1]
In this case, the State presented at trial a taped confession wherein the defendant confessed to all four armed robberies. The State also introduced into evidence four separate typed and signed statements wherein defendant again confessed to the four armed robberies.
The defense argues that one reasonable hypothesis for defendant's innocence not excluded by the witnesses testifying at trial is that the identity of the perpetrator has been confused with that of the defendant. This argument is based on the inability of the witnesses to positively identify defendant as the perpetrator, since the perpetrator wore a bandana across his face during each robbery. Defendant contends that the witnesses' general descriptions of the perpetrator were insufficient to exclude the possibility that someone else committed these crimes.
However, since the defendant's confessions entered into evidence are sufficient to establish the identity of the perpetrator, we conclude that the defendant's argument is without merit. We conclude that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded.

ASSIGNMENT OF ERROR NO. 8
In his eighth assignment of error, the defendant argues that the trial court imposed an excessive sentence in violation of La. Const. Art. 1 § 20. The Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), established the precedent that a sentence imposed, although within the statutory limits, may still violate the defendant's constitutional right against excessive punishment, and that the alleged excessiveness of the sentence is reviewable by the appellate courts.[2] The trial judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984).
The appellate standard for determining whether a sentence is unconstitutionally excessive has been articulated by this Court as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 *1330 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983), writ denied, 433 So.2d 166 (1983).
Armed robbery carries a maximum sentence of 99 years at hard labor without the benefit of parole, probation, or suspension of sentence, giving the defendant here a total exposure of 396 years under armed robbery convictions alone. The defendant's sentence of 15 years for each offense is well within the lower range of sentences for these crimes. That, coupled with other circumstances, which includes a prior felony conviction for robbery in Arkansas, leads to the conclusion that this sentence was not so grossly disproportionate to the crimes, considering the punishment and the crime in light of the harm to society caused by its commission. The sentencing transcript revealed several mitigating factors taken into consideration by the trial judge. Chief among these is the fact that the defendant was involved in a motorcycle accident in 1979 which left him in a coma for some 28 days. The court noted, however, that the sanity commission's findings were that the defendant was not insane. Relying most heavily on the defendant's propensity to commit armed robberies, we cannot say that the trial court abused its discretion in sentencing the defendant to 15 years at hard labor on each of the four armed robbery convictions. The defendant does not contest the sentence given to the marijuana conviction.
For the above and foregoing reasons defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 ((La.App. 3rd Cir.1984), concurring opinion at 1282.