^DOWNING, J.
The defendant, Izeal Ducre, was charged by bill of information with possession of a controlled dangerous substance, cocaine, with intent to distribute in violation of La. R.S. 40:967(A)(1). He pled not guilty, and his trial was severed from that of a co-defendant in the crime. After a trial by jury, defendant was found guilty as charged and was subsequently sentenced to twenty-five years at hard labor, the first five of which were to be without benefit of parole.[1]
The defendant appeals that conviction and sentence, claiming the trial court erred in the following:
1. The trial court erred in denying the motion to suppress evidence.
2. The trial court erred in failing to grant the defendant’s motion for a mistrial after the State elicited a response referencing hearsay of other crimes.
3. The trial court erred in failing to direct a mistrial after the State’s expert rendered an opinion as to an ultimate fact of the case.
4. The trial court erred in finding the appellant guilty of possession with intent to distribute cocaine.
5. The trial court erred in sentencing the appellant to twenty-five years hard labor.
Because we find merit in assignment of error number three, we pretermit discussion on assignments of error numbers two and five. Additionally, in order to facilitate a retrial of this case, we have addressed the defendant’s assignment of er *1036 ror number one regarding Ms motion to suppress, as it was a pretrial issue.
The defendant also argues in assignment of error number four that the evidence is insufficient. When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing 13sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. When the entirety of the evidence, including inadmissible evidence that was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime would be pure dicta since those issues are moot.
On the other hand, when the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. If the reviewing court determines there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial, but is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); State v. Hearold, 603 So.2d 731, 734 (La.1992).
Accordingly, we will first determine whether the entirety of the evidence, was sufficient to support the defendant’s conviction for possession of cocaine with intent to distribute.
FACTS
On August 7, 1997, Detective Chris Ab-ney received a call from a confidential informant who had proven reliable in the past, giving him the number of defendant’s pager. Detective Abney paged the number and almost immediately | ¿received a call back. The person returning the page agreed to meet Detective Abney to deliver one ounce of cocaine at the Slidell Exxon station parking lot near Airport Road at 5:30 that afternoon. At the appointed time, the defendant and the severed co-defendant arrived in the expected vehicle and motioned to Detective Keith Rogers, then undercover in long hair, a beard, and sunglasses, to approach them. At this time, Detective Rogers signaled other officers who approached the defendant’s vehicle. Detective Roy Hartzog approached the defendant on the passenger side of the car and identified himself. Hartzog asked the defendant to get out of the car and place his hands on the vehicle in order to make sure he was not carrying a weapon. When defendant spread his legs, two bags of cocaine fell out of his right pants leg to the ground. The defendant was arrested, cuffed, and read his Miranda rights. Thereafter, the defendant was taken into the restroom where he was searched by Detective Kevin Swan. Detective Swan asked the defendant if he had any more drugs, to which the defendant nodded toward his groin area. An additional bag of compressed cocaine was found under his testicles. Based on this testimony and *1037 evidence, charges were brought and trial was held.
ASSIGNMENT OF ERROR NUMBER FOUR
In assignment of error number four, the defendant contends that the State failed to establish the elements of the crime beyond a reasonable doubt. The test is established in La.C.Cr.P. art. 821 and by pertinent jurisprudence. An appellate court reviewing the sufficiency of evidence must resolve any conflict in direct evidence by viewing the evidence in a light most favorable to the prosecution. When direct evidence is thus viewed, the facts established by direct evidence and inferred from circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. See State v. Captville, 448 So.2d 676 (La.1984). The State’s burden was to prove that the defendant possessed cocaine with the intention | Kof distributing it. The evidence presented at trial in the instant case shows a substantial amount of cocaine was found on the defendant’s body and two smaller bags fell from his pants leg. The value of the cocaine was approximately $1,500. The State’s expert testified that the amount found was a “distribution amount.” Additionally, either the defendant or his severed co-defendant telephoni-cally set up a date, time, and place to effectuate a sale of cocaine and then arrived at the scheduled time and place with cocaine in three different containers. The evidence was sufficient to support the jury’s decision finding the defendant guilty of possession of cocaine with the intention to distribute. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in denying the motion to suppress physical evidence. The defendant specifically argues that the pat down search done when the cocaine was found was illegally conducted because it was done pursuant to a tip by an informant known to the officers, but who was, according to defendant, unreliable. Defendant therefore avers that the subsequent seizure of the cocaine was illegally obtained. Also, defendant asserts that an initial question that must be addressed in this case is the veracity of the informant.
The Fourth Amendment to the United States Constitution and La. Const, art. I, § 5, protect people against unreasonable searches and seizures. However, under the provisions of La.C.Cr.P. art. 215.1, as well as both federal and state jurisprudence, law enforcement officers have the right to stop and interrogate one who is reasonably suspected of criminal conduct. In Terry v. Ohio, 392 U.S. 1, 29-30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968), the United States Supreme Court addressed the issue of when a pat down search, similar to the one in the instant case, is appropriate. There, the Court held:
IfiThe sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer.
The scope of the search in this case presents no serious problem in light of these standards. Officer McFadden patted down the outer clothing of petitioner and his two companions. He did not place his hands in their pockets or under the outer surface of their garments until he had felt weapons, and *1038 then he merely reached for and removed the guns.
As to the veracity of the informant, two of the officers testified to having had prior dealings with the informant and knew him to be reliable, although one of the officers admitted under cross-examination that he did not think that the informant had previously given information that had led to an arrest and conviction. However, under the circumstances presented herein, this court finds that the investigating officers present at the arrest had sufficient corroborating evidence to give rise to the pat down search which led to the seizure of the cocaine and the arrest. Of utmost importance is that the pager number given by the informant proved reliable. The defendant or his severed co-defendant returned the page and set up a sale and delivery time for the cocaine. This case was not simply an informant who stated someone who looked like the defendant might be selling cocaine. The defendant actively participated by setting up a time for the sale and appeared at the appointed time. Therefore, when the officers saw the two men at the appointed time and place and were motioned to approach the car, it was reasonable and probable for the officers to believe that the defendant and his partner were about to commit a crime and, in all likelihood, were carrying weapons. Therefore, the initial pat down search was reasonable and the seizure of the contraband and arrest, which immediately followed, were legal. See also State v. Creecy, 98-1472 (La.App. 4 Cir. 7/14/99), 742 So.2d 615. We thus conclude |7that there was no error in the trial court’s denial of the motion to suppress. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
In assignment of error number three, the defendant urges that testimony given by the State’s expert witnesses was prejudicial because he testified to the ultimate fact of the case, namely whether the amount of cocaine seized was consistent with drug distribution.
In the instant case, Captain Timothy Lentz, who was qualified as an expert in the area of packaging, distribution, sale, and pricing of cocaine, was questioned about whether the amount of cocaine found on the defendant was consistent with “possession or possession with an amount for distribution.” Lentz responded, “This is distribution amount here.” Immediately thereafter, defense counsel asked to make a motion outside the presence of the jury and a bench conference was held. Following the bench conference, the court admonished the jury regarding Lentz’s statement. Defense counsel subsequently made a motion for a mistrial, which was denied.
Louisiana Code of Evidence art. 704 provides as follows:
Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused.
In State v. Wheeler, 416 So.2d 78 (La.1982), the supreme court addressed a similar issue wherein a police officer testified, as an expert, that in his opinion the defendant had been involved in the distribution of marijuana. The police officer was asked, “In your expert opinion what is the likelihood of this individual being involved in the distribution of marijuana?” After the defendant objected to this question, which was overruled by the trial court, the police officer answered:
| ¡Jn my opinion the person would be involved in the distribution of marijua *1039 na, he might have a dime bag, but not several dime bags and he would not have $359.00.
Wheeler, 416 So.2d at 79.
The Wheeler court concluded that the trial court erred in permitting the police officer to testify that, in his opinion, the defendant had been involved in the distribution of marijuana. The court felt that this testimony was tantamount to an opinion that the defendant was guilty of the crime charged: an indirect, abstract inference as to the ultimate issue in the case. State v. Wheeler, 416 So.2d at 81. Thus, despite the validity of any expert opinion, an expert cannot comment, directly or indirectly, on the guilt or innocence of the defendant. See La. C.E. art. 704.
The Louisiana Supreme Court has repeatedly reversed convictions in drug cases wherein a police officer, qualified as an expert in the filed of narcotics transactions, was allowed to give an opinion based upon hypothetical facts resembling the particular case that the defendant intended to distribute the drugs, as opposed to merely possessing them. See State v. White, 450 So.2d 648 (La.1984), State v. Montana, 421 So.2d 895 (La.1982), and Wheeler. Similarly, in the instant case, Lentz, who was qualified as an expert, gave his opinion that the amount of drugs in the defendant’s possession meant that he intended to distribute the drugs. Lentz’s statement was the same type of prohibited statement as in Wheeler. Lentz gave more than mere information as he concluded that distribution, the crime charged, had occurred. Thus, it is apparent that the trial court erred in denying a mistrial.
Finding error under La.C.Cr.P. art. 704, however, does not end our analysis. In State v. Code, 627 So.2d 1373, 1384 (La.1993), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 490 (1994), the Louisiana Supreme Court held that error resulting from the improper admission of an expert’s opinion concerning the Lultimate issue of a defendant’s guilt is subject to a harmless error analysis. Quoting Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993), the court then stated that the proper analysis for determining harmless error in such a situation is “not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.”
In the instant case, we are unable to find Lentz’s testimony to be harmless error. Although the court admonished the jury regarding Lentz’s testimony, the prejudice from such a statement by a qualified expert police officer cannot be cured by an admonition to the jury. Once said, it cannot be called back. Under our system of law, justice is never served by a tainted or unfair proceeding. We cannot say that the guilty verdict rendered in the instant case was surely unattributable to the error. Therefore, we reverse the defendant’s conviction, vacate his sentence, and remand for a new trial.
CONVICTION REVERSED, SENTENCE VACATED, AND REMANDED FOR A NEW TRIAL.
WEIMER, J., dissents with reasons.

. The sentence imposed upon the defendant was illegal in that he was denied parole under the version of La. R.S. 40:967(B)(4)(b) as amended by 1997 La. Acts No. 1284, § 1 (effective August 15, 1997), instead of the version of the statute in effect at the time of the commission of the crime. Nonetheless, because we are vacating his conviction and, therefore his sentence, it is not necessary for this court to address this error at this time.