827 So.2d 1120 (2002)
STATE of Louisiana
v.
Izeal DUCRE.
No. 2001-K-2778.
Supreme Court of Louisiana.
September 13, 2002.
PER CURIAM.
Writ Granted. The decision of the court of appeal is reversed, defendant's conviction and sentence are reinstated, and this case is remanded to the district court for execution of sentence.
When a witness makes an irrelevant remark which might prejudice the defendant, La.C.Cr.P. art. 771 gives a trial court the option either to admonish the jury or, if an admonition does not appear sufficient, to declare a mistrial. Mistrial is a drastic remedy which should be declared only upon a clear showing of prejudice by the defendant; a mere possibility of prejudice is not sufficient. State v. Smith, 430 So.2d 31, 44 (La.1983); State v. Wilkerson, 403 So.2d 652, 659 (La.1981). In addition, a trial judge has broad discretion in determining whether conduct is so prejudicial as to deprive an accused of a fair trial. State v. Sanders, 93-0001, pp. 20-21 (La.11/30/94), 648 So.2d 1272, 1288-89; State v. Wingo, 457 So.2d 1159, 1166 (La. 1984).
In the present case, the district court did not abuse its discretion in admonishing the jury rather than granting a mistrial when a police officer indicated that the cocaine in defendant's possession was a "distribution amount." Although the court of appeal rested its decision on jurisprudence in this Court precluding expert testimony tantamount to an opinion that the defendant is guilty of the crime charged, State v. White, 450 So.2d 648, 650-51 (La. 1984); State v. Montana, 421 So.2d 895, 900 (La.1982); State v. Wheeler, 416 So.2d 78, 81 (La.1982), in those cases the trial courts overruled defense objections to the contested expert testimony, and thus the respective juries were allowed to consider what should have been inadmissible evidence. White, 450 So.2d at 649; Wheeler, 416 So.2d at 79; Montana, 421 So.2d at 900. In the present case, the trial court *1121 sustained the defense objection and admonished the jury that it, not the expert witness, remained the ultimate finder of fact.
Moreover, in the instant case, it cannot be said that the expert's comments were so prejudicial as to warrant a mistrial. In the present case a police officer, who had received the defendant's pager number from a reliable confidential informant, arranged a drug sale with either the defendant or a co-defendant. When the defendant appeared at the agreed-to location at the scheduled time of the sale, police arrested him, and found approximately $1,500 worth of cocaine in three separate bags. Given the pre-arranged drug deal, the amount of cocaine, and the manner in which it was packaged, the defendant cannot show that the expert witness's testimony prejudiced him. In these circumstances, the district court did not abuse its discretion in refusing to grant a mistrial.