PER CURIAM.
_JjWrit granted. The ruling of the trial court is reversed. The trial judge specifically found that the state did not solicit the brief, unresponsive remark made by the police officer.[1] This Court “has generally *1009 recognized that a police officer’s unsolicited, unresponsive reference to another crime by the defendant is not the comment of a court official under [the mandatory mistrial provisions of La.C.Cr.P.] Article 770.” State v. Harris, 383 So.2d 1, 9 (La.1980). A mistrial is therefore not warranted when a police officer’s unsolicited testimony refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible. State v. Harper, 430 So.2d 627, 635 (La.1983)(citing State v. Hayes, 414 So.2d 717 (La.1982)). Absent a pattern of unresponsive or unsolicited replies from a police witness, which may be chargeable to the prosecution, State v. Nuccio, 454 So.2d 93, 101-02 (La.1984); State v. Schwartz, 354 So.2d 1332, 1333 n. 2 (La.1978), the “appropriate remedy for inappropriate remarks by a police officer is an admonition to the jury to disregard the remark.” Harper, 430 So.2d at 635 (citing La.C.Cr.P. art. 771). Mistrial is a drastic remedy which is warranted only when an error results in substantial prejudice effectively depriving an accused of a fair trial. State v. Edwards, 420 So.2d 663, 679 (La.1982). Accordingly, this case is remanded to the trial court with instructions to admonish jurors to disregard the remark made by Captain Jerome Laviol-ette, if the defense so requests.

. It should be noted, although the record re-fleets that the officer’s reference was appar *1009 ently to the defendant, the officer referred to "Kevin” which is not the name of the defendant, whose name is Kenneth.