HIGGINBOTHAM, J.
^Defendant, Anthony Paul Caminita, was charged by a felony bill of information with theft of goods amounting to a value of $500.00 or more, but less than a value of $1,500.00, a violation of La. R.S. 14:67.10. He pled not guilty and, following a jury trial, was found guilty as charged. Thereafter, the state filed a habitual offender bill of information, alleging four prior felony convictions.[1] Defendant initially denied the allegations in the habitual offender bill. But pursuant to a plea agreement, the state later amended the habitual offender bill to charge defendant as a second-felony habitual offender, and defendant stipulated to the contents of the amended bill. Accordingly, the trial court adjudicated defendant a second-felony habitual offender and sentenced him to ten years imprisonment at hard labor, without the benefits of probation or suspension of sentence (in conformity with the agreement). Defendant now appeals, alleging one counseled and four pro se assignments of error.
FACTS
On December 9, 2012, Greg Naquin was working at Lowe’s in Covington, Louisiana, when a merchandise alarm sounded at the store’s entrance door. He turned around to see an individual, identified at trial as defendant, • exiting the store through the entrance door with a shopping cart containing a Dewalt power tool set. Mr. Naquin followed defendant into the parking lot and asked him several times if he had a receipt. Defendant continued to walk away from Mr. Naquin before he eventually abandoned the shopping cart, causing it to strike a parked vehicle. Defendant then began to run, but he was ultimately detained by an off-duty | ¡¡Drug Enforcement Administration (DEA) agent who witnessed the sequence of events as he was entering the store. While defendant was detained, Mr. Naquin retrieved the merchandise (the aforementioned tool set, as well as a shelf board) from the shopping cart and gave it to his manager. The manager scanned the merchandise and provided the police with a report that listed a pre-tax value of the stolen items as $594.94.
SUFFICIENCY OF EVIDENCE
When issues are raised on appeal both as to sufficiency of evidence and as to other trial errors, the appellate court should first review the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La. 1992). In his first pro se assignment of error, defendant contends that the evidence presented at trial was insufficient to support his conviction of theft of goods amounting to a value of $500.00 or more, but less than a value of $1,500.00. Particularly, he argues that no rational jury could have found the essential element of valuation.
*1104 A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const, amend. XIV, § 1; La. Const, art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, this court must consider whether» after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La. Code Crim. P. art. 821(B); State v. Ordodi, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). The Jackson standard of review, incorporated in Article 821(B), is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. State v. Patorno, 2001-2585 (La.App. 1st Cir. 6/21/02), 822 So.2d 141, 144. When analyzing circumstantial evidence, La. R.S. 15:438 provides [4that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. Id.
Defendant’s sole argument regarding sufficiency is that the state failed to prove the value of the goods that he stole. He contends that the state’s documentary evidence that tended to prove valuation — a Lowe’s “project estimate” — was only valid until January 8, 2013, and, thus, did not sufficiently demonstrate the value of the stolen goods. We note that defendant does not challenge the other essential elements of the theft of goods statute, but point out for the sake of caution that all of these elements were sufficiently proven at trial.
Defendant does not dispute that the theft of goods occurred on December 9, 2012. On that same date, Lowe’s manager, Jody Mantón, created the “project estimate,” which was admitted into evidence at trial, and showed that the pre-tax value of the stolen goods was $594.94. Mantón also testified at trial as to the $579.00 valuation of the tool kit itself. While defendant correctly notes that the “project estimate” states it is valid until January 8, 2013, the relevant date for valuation of stolen goods is the date of'the theft, not any date thereafter. See State v. LeBlanc, 2010-1484 (La.App. 4th Cir. 9/30/11), 76 So.3d 572, 583-84, writ denied, 2011-2300 (La. 11/18/11), 75 So.3d 446 (noting that testimony regarding the salvage price of stolen copper seven to eight months after its theft was insufficient, alone, to establish the value at the time of the theft). This documentary evidence was uncontroverted and clearly indicated the value of the stolen goods at the time of defendant’s offense.
After a thorough review of the record, we find that the evidence supports the jury’s guilty verdict. We are convinced that viewing the evidence in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the [^defendant was guilty of theft of goods (valued between $500.00 and $ 1,500.00). See State v. Calloway, 2007-2306 (La. 1/21/09), 1 So.3d 417, 422 (per curiam).
This assignment of error is without merit.
MOTION FOR MISTRIAL
In his sole counseled assignment of error, defendant argues that the trial court erred in denying his motion for a mistrial, which was grounded on a witness’s reference to defendant being “on paper” at the time of his arrest for the instant offense. Defendant contends that this phrase constituted an improper reference to inadmissible other crimes evidence.
*1105 At trial, former - St. Tammany Parish Sheriffs Officer Devin Palys[2] testified regarding his involvement in the investigation of this incident. On the day of the incident, defendant had to be transported to a nearby hospital, where Officer Palys spoke to him after informing him of his Miranda[3] rights. The district attorney asked Officer Palys about the statement defendant had made. According to Officer Palys:
[Defendant] told us that he was sorry for shoplifting, but he did it because he is having trouble finding work because he was on paper.
Defense counsel immediately objected and moved for a mistrial on the basis that Officer Palys had testified regarding inadmissible other crimes evidence because the phrase “on paper” referred to felony probation. After hearing arguments from both parties, the trial court denied defense counsel’s motion for a mistrial, finding that “the verbiage in and of itself’ did not rise to a level requiring a mistrial.
Under Louisiana Code of Criminal Procedure article 770(2), a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official during trial or argument, refers directly or indirectly to another crime committed or alleged to have been committed by the | fidefendant as to which evidence is not admissible. As a general rule, Article 770 does not apply to testimony by a state witness, since a witness is not considered a “court official.” However, an impermissible reference to another crime deliberately elicited from a state witness by the prosecutor would be imputable to the state and would mandate a mistrial. See State v. Boudreaux, 503 So.2d 27, 31 (La.App. 1st Cir.1986).
In the instant case, there is no evidence in the record that the state deliberately elicited Officer Palys’s testimony that defendant was “on paper.” The state was entitled to ask Officer Palys about defendant’s apology for shoplifting, as it was a statement against interest under La. Code Evid. art. 804(B)(3). The prosecutor informed the trial court that Officer Pa-lys’s reference to defendant being “on paper” was not in the officer’s report, making it unanticipated testimony.[4] On the facts in the record, we find that Article 770 is inapplicable in this case because the witness in question was not among the listed group of persons under the article whose remarks mandate a mistrial, nor was there evidence that the at-issue statement was deliberately elicited by the state.
The controlling provision is Louisiana Code of Criminal Procedure article 771, which provides, in pertinent part: .
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the re *1106 mark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
| yBecause Officer Palys’s testimony arguably falls within the scope of Article 771, the granting of a mistrial was in the broad discretion of the trial court. See State v. Johnson, 2006-1235 (La.App. 1st Cir. 12/28/06), 951 So.2d 294, 300. Louisiana Code of Criminal Procedure article 775 provides in part that “[u]pon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.” As a general matter, mistrial is a drastic remedy that should only be declared upon a clear showing of prejudice by the defendant; a mere possibility of prejudice is not sufficient. In addition, a district court judge has broad discretion in determining whether conduct. is so prejudicial as to deprive an accused of a fair trial. State v. Ducre, 2001-2778 (La. 9/13/02), 827 So.2d 1120, 1120 (per curiam). A reviewing court should not reverse a defendant’s conviction and sentence unless the error has affected the substantial rights of the accused. See La. Code Crim. P. art. 921.
Even if we assume for the sake of argument that Officer Palys’s statement concerning defendant’s admission about being “on paper” qualifies as an impermissible reference to inadmissible other crimes evidence, we doubt whether the jury would have understood the slang term “on paper” to refer to felony probation. Though the trial court believed that all the attorneys knew what this phrase meant, the prosecutor claimed that he was unaware of its meaning. At most, the phrase “on paper” was an ambiguous reference to other crimes evidence. Defense counsel immediately objected to this testimony, and it was not later repeated by Officer Palys or elaborated upon to the jury. Ambiguous or obscure references to other crimes made without explanation or elaboration do not prejudice the defendant. State v. Friday, 2010-2309 (La.App. 1st Cir. 6/17/11), 73 So.3d 913, 933, writ denied, 2011-1456 (La. 4/20/12), 85 So.3d 1258.
|RWe note that defense counsel did not ask for an admonition under La. Code Crim. P. art. 771, so none was given. Further, the state presented- extensive, uncon-troverted evidence of defendant’s guilt via the testimony of Mr, Naquin, the off-duty DEA agent, and the store manager. Any passing reference to an ambiguous, slang term for defendant’s status as a probationer is highly unlikely to have affected his substantial rights. Considering the record as a whole, we find that the trial court did not err or abuse its discretion in denying defendant’s motion for a mistrial.
This assignment of error is without merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
In his second pro se assignment of error, defendant contends that he was denied the effective assistance of counsel at trial. He argues that trial counsel was unprepared for trial and failed to object to the introduction of the “project estimate” and to the trial court’s denial of the jury’s request to view this same document during its deliberations.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana *1107 State Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was deficient, and (2) the deficiency prejudiced him. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to show prejudice, the defendant must demonstrate that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would' have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Felder, 2000-2887 (La.App. 1st Cir. 9/28/01), 809 So.2d 360, 370, writ denied, 2001-3027 (La. 10/25/02), 827 So.2d 1173. Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant |flif the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 860 (La.App. 1st Cir, 1992), writ denied, 614 So.2d 1263 (La. 1993).
Most of the deficiencies alleged by defendant on appeal address matters of trial preparation and strategy. Decisions relating to investigation, preparation, and strategy require an evidentiary hearing,[5] and therefore, cannot possibly be reviewed on appeal. State v. Allen, 94-1941 (La. App. 1st Cir. 11/9/95), 664 So.2d 1264, 1271, writ, denied, 95-2946 (La. 3/15/96), 669 So.2d 433. Further, under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with an accused and his attorney. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. State v. Bias, 2014-1588 (La.App. 1st Cir. 4/24/15), 167 So.3d 1012, 1021, writ denied. 2015-1051 (La. 5/13/16), 191 So.3d 1053. Therefore, the issues related to defense counsel’s trial preparation and choice not to object to the introduction of the “project estimate” are not subject to appellate review. Defendant’s remaining claim of ineffective assistance of counsel — trial counsel’s failure to object to the trial court’s denial of the jury’s request to view the “project estimate” during its deliberations — is meritless for the reasons given in the.discussion of defendant’s third pro se assignment of error, below.
JURY’S REQUEST TO VIEW EVIDENCE ■
In his third pro se assignment of error, defendant contends that he was denied the right to a fair trial under due process of law when the trial court denied the jury’s request to view the “project estimate” during its deliberations. In his fourth pro se | ^assignment of error, defendant argues that the non-transcription of this request and ruling is a “patent error” that has deprived him of his right to judicial review.
Use of evidence by the jury in a criminal proceeding is governed by the provisions of La. Code Crim. P. art. 793. In general, a juror must rely upon his memory in reach! ing a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. “Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive *1108 at a verdict.” La. Code Crim. P. art. 793(A) (emphasis added).
The Louisiana Supreme Court has recognized that jurors may, during deliberations, inspect physical evidence in order to arrive at a verdict but cannot inspect written evidence to assess its verbal contents. State v. Perkins, 423 So.2d 1103, 1109 (La. 1982); see also State v. Freetime, 303 So.2d 487, 489-90 (La. 1974). The general rule, as expressed by Louisiana Code of Criminal Procedure article 793, is that a jury is not to inspect written evidence except for the sole purpose of a physical examination of the document itself to determine an issue which does not require the examination of the verbal contents of the document. For example, a jury may examine a written statement to ascertain or compare a signature, or to see or feel it with regard to its actual existence. State v. Johnson, 541 So.2d 818, 824 (La. 1989); Perkins, 423 So.2d at 1109-1110.
In Freetime, 303 So.2d at 490, the supreme court held that allowing the jury to have a copy of defendant’s confession to re-read its verbal content during deliberations was error. In Perkins, 423 So.2d at 1110, the supreme court held that an incul-patory written statement by defendant should not have been allowed into the jury room for deliberations. In Johnson, 541 So.2d at 824-825, the court was concerned with the improper admission of an autopsy report, a crime lab report, and ^municipal court documents pertaining to one victim’s request for the issuance of a peace bond against defendant, where the only way such exhibits could be of any assistance to the jury was if they were examined for their verbal contents. During its deliberations in the instant case, the jury sent a sealed request to the trial court: “Juror wants to see ‘receipt’ of items scanned after recovery.” The minutes indicate that the jury was informed they were not allowed to see the requested evidence, with no objection from either the state or defense.
In this case, the trial court properly denied the jury’s request during deliberations to view the documentary evidence introduced by the state. This evidence was not of the type requiring a physical examination to enable the jury to arrive at a verdict. Instead, any examination of this evidence would only be relevant as to its verbal contents, particularly the valuation of the stolen goods. Because the trial court properly denied the jury’s request, defense counsel’s choice not to object to this ruling was not in error, nor did it prejudice defendant. Defendant’s third pro se assignment of error is without merit, as is the remaining portion of his second pro se assignment of error.
In his fourth pro se assignment of error, defendant contends that he has been denied his right to judicial review upon a complete record, because the jury’s request and trial court’s ruling were not transcribed in the record. A criminal defendant has a right of appeal based on a complete record of all evidence upon which the judgment is based. See La. Const., art. I, § 19; see also State v. Hoffman, 98-3118 (La. 4/11/00), 768 So.2d 542, 586, cert. denied. 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000), Additionally, in felony cases, the clerk or court stenographer is required to record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel. See La. Code Crim. P. art. 843.
| ^Material omissions from the transcript of the proceedings at trial, bearing on the merits of an appeal, will require reversal. See State v. Boatner, 2003-0485 *1109 (La. 12/3/03), 861 So.2d 149, 153. However, an incomplete record may be adequate for full appellate review. See State v. Hawkins, 96-0766 (La. 1/14/97), 688 So.2d 473, 480. Where a defendant cannot show any prejudice from the missing portions, he is not entitled to relief based on the missing portions. See Id. In the instant case, defendant has neither made nor attempted to make any showing of prejudice as a result of the missing portion of the record. The entirety of his third pro se assignment of error was reviewable from the sealed jury question, the minute entry of the trial court’s ruling, and the applicable law.
Finally, to the extent that defendant’s invocation of the phrase “patent error” is, alone, sufficient to request a full patent error review, we note that we routinely perform such an inspection of the record in every case. After reviewing the record, we have found no such reversible errors. See La. Code Crim. P. arts. 920(2) and 921. Thus, defendant’s fourth pro se assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.

. The alleged predicate felony convictions were all from the 24th Judicial District Court in Jefferson Parish, as follows: (1) a June 1, 2006 conviction for possession of a schedule XI controlled dangerous substance, cocaine, docket number 06-1031; (2) a September 11, 2000 conviction for theft of goods amounting to a value of at least $100.00, but less than $500,00, docket number 99-6725; (3) a January 12, 1998 conviction for theft of goods amounting to a value of at least $100.00, but less than $500.00, docket number 97-5344; and (4) a January 17, 1985 conviction for cruelty to a juvenile, docket number 84-2566.

. At the time of trial, Palys was no longer employed by the Sheriffs Office. .

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

.A copy of the officer’s report does not appear in the record.

. Defendant would have to satisfy the requirements of La. Code Crim. P. art. 924, et seq., in order to receive such a hearing.