Judge Joy Cossich Lobrano
| j>Relator, the State of Louisiana (“State”) seeks review of the district court’s August 25, 2017 ruling granting defendant-respondent, Horatio Johnson’s (“Defendant”) motion for a mistrial. Because we find that the legislature has greatly limited the authority and discretion of a judge to grant a mistrial in a criminal case when allegedly prejudicial testimony is material and relevant, and that the district court lacked the authority to grant a mistrial in this case, we grant the writ, and reverse the ruling of the district court. The stay of proceedings is lifted.
*1180 While cross-examining a witness (“Witness”) on a previous contradictory statement made at a preliminary hearing, coum sel for Defendant elicited a statement from Witness that contained other crimes evidence. The colloquy at issue went as follows:
Q. No, no, no. We’ll get to those. Don’t worry.
I promise we’re going to get to those. So that day, you put your hand on the Bible, court reporter says, do you swear to tell the whole truth and nothing but the truth?
A. Yes.
Q. And you said, I do, right;?
A. Yes.
Q. Because perjury, apparently,- doesn’t bother you, does it?
A. Yes, it does.
Q. Didn’t that day, did it?-
la A. Because Horatio told me to say that I use them to exercise, or pretty much I was a loose end, which means I’m going to be killed. I have every reason to fear a person who’s been in jail before for manslaughter.
After Witness said that she was afraid of Defendant because he had previously, been imprisoned for manslaughter, the district court admonished the jury.[1] Then, counsel for Defendant moved for a mistrial, which the district court granted.
Two .types of mistrials are implicated by the facts before the Court—mandatory mistrials under La. C.Cr.P. art. 775 and discretionary mistrials under La. C.Cr.P. art. 771.[2] First, “[ujpon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial.... ” La. C.Cr.P. art. 775 (emphasis added). As this article implies, “[mjistrial is a drastic remedy which should be declared only upon a clear showing of prejudice by the defendant; a mere possibility of prejudice is not sufficient.” State v. Ducre, 2001-2778 (La. 9/13/02), 827 So.2d 1120, 1120. Second, when a prejudicial remark or comment that is irrelevant or immaterial is made by a witness and the, .district court admonishes the jury to ignore the comment, “on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.” La. C.Cr.P. art. 711. The State argues that the district court improperly granted Defendant’s motion for a mistrial because the testimony was admissible and Defendant’s counsel elicited the testimony on which he bases his mistridl motion. This argument has merit.
LAs stated supra, La. C.Cr.P. art. 775’s two-part test first requires a showing that the conduct is in fact prejudicial to Defendant. Because the Louisiana Code of Evidence is structured to secure fairness, consideration of whether the testimony at issue is admissible provides guidance on whether Defendant has been prejudiced by the remark such that he is unable to obtain a fair trial. See La. C.E. art. 102 (stating “These articles [which make up the Louisiana Code of evidence] shall be construed to secure fairness and efficiency in administration of the law of evidence and to the end that the truth may be ascertained and proceedings justly de *1181 termined.”). La. C.Cr.P. arts. 401 through 403, which together provide the basis for the admissibility of most evidence, are helpful in this analysis.[3]
La. C.Cr.P. art. 401 defines relevant evidence, La. C.Cr.P. art. 402 provides that relevant evidence is generally admissible, and La. C.Cr.P. art. 403 provides that when the probative value of relevant evidence is substantially outweighed by the prejudice it creates, relevant evidence may be excluded. In. this case, the statement is obviously relevant— the transcript reveals that Defendant’s counsel was attempting to prove that Witness was a liar in order to discredit her damaging testimony against Defendant, and in response to Defendant’s counsel’s line of questioning Witness told Defendant’s counsel why she lied.[4] Being relevant, this statement is generally admissible. See La. C.Cr.P. art. 402. Moreover, this testimony explains the conduct of Witness, whose testimony is highly probative as it goes to the credibility of a material witness who alleges that she was present when Defendant purchased supplies to murder the victims and at the murder itself. See La. C.Cr.P. art. 403.[5] See also State v. Augustine, 2012-1759, p. 9 (La. App. 4 Cir. 9/18/13), 125 So.3d 1203, 1209 (finding that La. C.Cr.P. art. 404(B), which addresses the admissibility of other crimes evidence, does not apply in cases where the defense elicited the testimony).
The second part of the La. C.Cr.P. art. 775 two-part test requires this Court to determine whether Witness’s testimony is so prejudicial as to make it impossible for Defendant to receive a fair trial. See La. C.Cr.P. art. 775. The Louisiana Supreme Court has found that the State cannot be charged with testimony elicited by defense counsel implying that a defendant had previously committed other crimes. See State v. Dozier, 97-1564, p. 23 (La. App. 3 Cir. 5/20/98), 713 So.2d 729, 741.[6] Additionally, “the requirement that the State give notice of its intent to introduce other crimes evidence is not applicable when defense counsel elicits testimony on cross-examination concerning other crimes.” Id. Although any mention of a defendant’s involvement in criminality is arguably prejudicial, because the statement was elicited by Defendant and not the State, the likelihood of unfair prejudice is diminished. Thus, the statement cannot reach the extremely high standard of rendering it impossible for Defendant to receive a fair trial.
^Defendant argues that the admonishment given to the jury by the district court was not sufficient to guarantee Defendant a fair trial, entitling him to a mistrial *1182 under La. C.Cr.P. art. 771. La. C.Cr.P. art. 771 reads:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during- the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark • or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770. In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
(emphasis added). As stated swpra, the testimony at issue in this writ application is both relevant and material. Accordingly, Defendant’s argument is without merit.
Under the facts presented in the case sub judice, Defendant did not satisfy the requisite showing of prejudice. The district court lacked the authority to grant a mistrial under either La. C.Cr.P. art. 775 or La. C.Cr.P. art. 771. Allowing this invalid mistrial to stand would motivate material witnesses who fear for their lives to make improper statements on the stand in an attempt to gain protection. Likewise, the truth-seeking function of the criminal justice system will be chilled by placing material witnesses in the precarious position of being prevented from testifying as to their true motivations for their actions. Juries cannot accurately assess the credibility of material witnesses who cannot answer truthfully. This policy would undermine public trust and reduce witness participation in the criminal justice system. On balance, the testimony Defendant elicited should not |7gain Defendant this advantage. The State’s writ application is granted, and the district court’s ruling granting Defendant’s motion for a mistrial is reversed. The stay of proceedings is lifted.
' WRIT GRANTED; EMERGENCY CONSIDERATION GRANTED; STAY LIFTED.
JENKINS, J., DISSENTS. AND ASSIGNS REASONS.

. The district court stated, “[disregard the last comment."

. Both parties cite La. C.Cr.P. art. 770, which references mistrials when officers of the court make improper statements. This article does not apply, as the statement in question was made by a witness, not an officer of the district court.

. As discussed infra, La. C.Cr.P. art. 401 through 403 also provide guidance on whether an La. C.Cr.P. art. 771 mistrial is appropriate under these facts.

. No party contests the relevance of the statements at issue.

. The district court’s prior ruling prevented the State from admitting Defendant's prior bad act to prove that Defendant acted in conformity therewith. See La. C.Cr.P. art. 404(B).The current analysis focuses on whether the testimony that Defendant elicited, Witness’s explanation of why she made prior false statements to the district court, is admissible. The admission of testimony evidencing Witness’s belief that Defendant committed a prior bad act, and thus feared Defendant, is a distinct issue from the admission of evidence proving the prior bad act itself.

. See also State v. Barnes, 2012-267, p.1 (La. 1/26/12), 79 So.3d 1008, 1008-09 (per curiam) (finding that where the State did not solicit the testimony of a police officer who implied that the defendant had committed other crimes the district court erred by granting a mistrial).