STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 KA 0079

STATE OF LOUISIANA

VERSUS

JAYSON LEE FIGUEROA

JUDGMENT RENDERED: **SEP 2 6 2024**

* * * * * * *

Appealed from the Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 3332-F-2019 • Division C

The Honorable Richard A. Swartz, Jr., Presiding Judge

* * * * * * *

Bertha M. Hillman
*Louisiana Appellate Project*
Covington, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Jayson Lee Figueroa

J. Collin Sims
*District Attorney*
Matthew Caplan
*Assistant District Attorney*
Covington, Louisiana

COUNSEL FOR APPELLEE
State of Louisiana

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND LANIER, JJ.

**WELCH, J.**

The State of Louisiana charged the defendant, Jayson Lee Figueroa, by bill of information with obstruction of justice by tampering with evidence (Count 1) and obstruction of justice (Count 2), in violation of La. R.S. 14:130.1(A)(1) and (B)(2) and 14:130.1(A)(4) and (B)(2), respectively.[1] The defendant pled not guilty to both counts. Following a jury trial, the jury acquitted the defendant of obstruction of justice by tampering with evidence, and the jury found the defendant guilty of the responsive offense of attempted obstruction of justice. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal.

The State filed an amended multiple offender bill of information, alleging the defendant was a third-felony habitual offender to which the defendant stipulated. Pursuant to La. R.S. 15:529.1, the trial court imposed an enhanced eighteen-year-sentence at hard labor to be served without benefit of probation or suspension of sentence.[2] The defendant now appeals, assigning as error the trial court's denial of his motion for mistrial. For the following reasons, we affirm the conviction, habitual offender adjudication, and the sentence.

**FACTS**

In early February 2019, Louisiana State Police Trooper Nicole Barbe began investigating the defendant for trafficking of children for sexual purposes after she was dispatched to the Sheraton Hotel on Canal Street in New Orleans to speak to P.B.,[3] the sixteen-year-old victim.[4] On or about February 4, 2019, the defendant was arrested and booked into the St. Tammany Parish Jail on multiple charges

---

[1] In a separate case, the State charged the defendant by bill of information with second-degree rape, carnal knowledge of a juvenile, and trafficking of children for sexual purposes (docket number 615511). The trial of these charges was set for May 20, 2024.

[2] Prior to the habitual offender proceedings, the trial court did not impose a sentence.

[3] Herein, initials are used to identify and/or refer to the child victim. See La. R.S. 46:1844(W).

[4] See footnote 1.

2

including trafficking of children. Following the defendant's arrest, Trooper Barbe monitored and listened to the phone calls the defendant made while he was in jail awaiting trial. On February 14, 2019, the defendant called his mother from jail using his assigned pin number. The phone call was recorded.

During the call, the defendant provided his mother with his Snapchat user name and password, and he instructed his mother to delete everything from his Snapchat account. The defendant also asked his mom to call "Harold Augustine" and to have Harold contact his cousin and instruct him to speak to the victim's mother and "put pressure on the mom to ... relinquish these charges ...." After the February 14th jail house call, the victim's mother stopped answering Trooper Barbe's phone calls and she stopped cooperating with the criminal investigation. Trooper Barbe applied for and received another arrest warrant, and the defendant was rebooked at the St. Tammany Parish Jail on two counts of obstruction of justice.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the trial court erred by denying his motion for mistrial when the State played the entire taped phone conversation he had with his mother during which he mentioned a dismissed rape charge. The defendant argues the reference to the rape falls within the scope of La. C.Cr.P. art. 770 and provided the jury with "a powerful but illegitimate reason to convict" him of the instant offense.

## MOTION FOR MISTRIAL

Mistrial is a drastic remedy that should be granted only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. See **State v. Ducre**, 2001-2778 (La. 9/13/02), 827 So.2d 1120, 1120 (*per curiam*). The trial court has sound discretion in determining whether a mistrial should be granted, and its denial of a motion for mistrial will not be disturbed on appeal without finding an abuse of that discretion. See **State v.**

3

**McIntosh**, 2018-0768 (La. App. 1st Cir. 2/28/19), 275 So.3d 1, 5, writ denied, 2019-00734 (La. 10/21/19), 280 So.3d 1175. A reviewing court should not reverse a defendant's conviction and sentence unless the error has affected the substantial rights of the accused. See La. C.Cr.P. art. 921; **State v. Caminita**, 2016-0121 (La. App. 1st Cir. 9/16/16), 203 So.3d 1100, 1106, writ denied, 2016-2045 (La. 9/6/17), 224 So.3d 988.

Generally, evidence of crimes other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. **State v. Hicks**, 2022-0350 (La. App. 1st Cir. 11/4/22), 354 So.3d 715, 718, writ denied, 2022-01749 (La. 4/12/23), 359 So.3d 29, **State v. Falgout**, 2021-1548 (La. App. 1st Cir. 6/6/22), 2022 WL 1961593, *3. Under certain circumstances, the admission of inadmissible other crimes evidence can warrant the granting of a mistrial. See La. C.Cr.P. arts. 770, 771, & 775. Under La. C.Cr.P. art. 770(2), a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official during trial or argument, refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.

However, La. R.S. 15:450 is also applicable to the instant case, which provides: "[e]very confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford." That provision contains no exception for excluding portions of a confession or admission that refer to other crimes. **State v. Pierre**, 2012-1025 (La. App. 1st Cir. 9/21/12), 111 So.3d 64, 69, writ denied, 2012-2227 (La. 4/1/13), 110 So.3d 139. Consequently, when the State seeks to introduce a confession, admission, or declaration against a defendant which contains other crimes evidence, but that is otherwise fully admissible, the defendant has two options. He may waive his right

4

to have the whole statement used, object to the other crimes evidence, and require the court to excise it before admitting the statement; or, he may insist on his right to have the statement used in its entirety so as to receive any exculpation or explanation that the whole statement may afford. A third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession is not admissible. See **State v. Morris**, 429 So.2d 111, 121 (La. 1983).

At trial, the State called St. Tammany Parish Sheriff's Office Corporal Blake Pelligrin, who is the custodian of records. He noted that phone calls made by inmates from jail are recorded and saved. Corporal Pelligrin indicated that he had listened to the audio of a phone call made by the defendant on February 14, 2019. After the State played a brief clip of that recorded phone call, Corporal Pelligrin verified that it accurately reflected the phone call in question. The State then played the defendant's entire February 14th jail call for the jury, without objection. Near the end of the phone call, the defendant stated: "[The victim] said that me and Cody raped her and that's not true. I told them here's my DNA. [I] never had sex with none of those girls in my life. That's the whole story ma."[5]

At this point, defense counsel asked to approach and noted that prior to the start of trial, he made a motion and "we agreed that there would not be any talk of rape." Defense counsel noted the State played a jail call in which there is allegations that my client has raped a young female. Defense counsel stated: "It was the ruling of this Court that there would be no discussion of my client raping or having carnal knowledge with anyone." Defense counsel moved for a mistrial on those grounds. The trial court denied the motion for mistrial, noting defense counsel was aware of the contents of the recorded jail call, but failed to request a redaction prior to trial.

---

[5] The phone call lasted approximately four minutes and five seconds. The defendant made the statement in question during the 3:48 to 4:03 mark of the recorded phone call.

5

On the facts in the record, La. C.Cr.P. art. 770(2) is inapplicable because the comment in question was made by the defendant, rather than one of the persons listed above whose remarks mandate a mistrial, and there was no evidence that the comment was deliberately played for the jury. However, remarks by witnesses fall under the discretionary mistrial provisions of La. C.Cr.P. art. 771. **State v. Dardar**, 2021-0860 (La. App. 1st Cir. 2/25/22), 340 So.3d 1110, 1119, writ denied, 2022-00533 (La. 5/24/22), 338 So.3d 1192. Under La. C.Cr.P. art. 771, on the motion of the defendant or the state, a trial judge must promptly admonish the jury to disregard a remark or comment that is irrelevant or immaterial or of such a nature that it might create prejudice against the defendant in the mind of the jury, regardless of whether the remark or comment is within the scope of La. C.Cr.P. art. 770. In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. See La. C.Cr.P. art. 771.[6]

In **State v. Brooks**, 2010-1864 (La. App. 1st Cir. 5/6/11), 2011 WL 2616865 *3 (*unpublished*), writ denied, 2011-1148 (La. 11/18/11), 75 So.3d 449, this Court found no merit in the defendant's contention the State had a duty to redact any other crimes evidence contained in his videotaped statement. This Court noted the defendant did not dispute the prosecutor's assertion that defense counsel received a copy of the videotaped statement well in advance of trial. Therefore, defense counsel was charged with knowledge of what the statement contained, and had the option of having the entire statement played or of waiving that right and having the allegedly objectionable portions of the videotape redacted. *Id*. Thus, this Court concluded

---

[6] Here, the defendant notes that neither party requested an admonition from the court. He asserts, however, that an admonition would have only called more attention to the statement. Where defense counsel fails to request an admonition, any failure of the trial court to instruct the jury to disregard remarks or comments is not, in itself, reversible error. See **State v. Keaghey**, 2010-0989 (La. App. 1st Cir. 12/22/10), 2010 WL 5441998, *3 (*unpublished*), writ denied, 2011-0112 (La. 6/3/11), 63 So.3d 1008.

that the trial court did not err in denying the defendant's motion for mistrial. *Id.*; see also **Falgout**, 2022 WL 1961593 at *5-6 (ambiguous or obscure references to other crimes made without explanation or elaboration do not prejudice the defendant); **Pierre**, 111 So.3d at 67-69.

As in **Brooks**, the record reveals that the State provided pretrial notice of its intent to use the defendant's inculpatory statements against him at trial. On the morning of jury selection, the State amended both counts in the bill of information to note the defendant specifically intended to obstruct a criminal investigation involving the trafficking of children for sexual purposes, a felony in violation of La. R.S. 14:46.3.[7] Thereafter, the defense made an oral motion *in limine*, requesting that the State be prohibited from making any reference at trial to the pending rape and carnal knowledge of a juvenile charges in defendant's other criminal case. The State indicated "[t]hat's acceptable[.]" In response, the judge stated: "Very good."

Prior to the jail call being played, the trial court asked defense counsel if he had any objections to the recording. The defense did not make an objection. However, after the State played the entire recording, defense counsel immediately moved for a mistrial. The trial court noted that the defense was aware of what was in the recorded conversation, but did not raise the issue before trial or request that the tape be redacted.

In the instant case, defense counsel was charged with knowledge of what the recorded jail call contained and had the option at that point either of having the entire recording played or of waiving that right and having the allegedly objectionable portions of the recording redacted. Since defense counsel did not request redaction of the alleged other crimes evidence, the State was obligated under La. R.S. 15:450

---

[7] The penalty to be imposed for violating the obstruction of justice statute is determined by the nature of the criminal proceeding that the defendant intended to obstruct. See La. R.S. 14:130.1(B); **State v. Benoit**, 2022-310 (La. App. 3rd Cir. 11/30/22), 355 So.3d 68, 88-89, writ denied, 2023-00010 (La. 9/26/23), 370 So.3d 470.

7

to present defendant's entire recorded statement to the jury. <u>See</u> **Morris**, 429 So.2d at 121; **Brooks**, 2011 WL 2616865 at *3.

Accordingly, we agree with the trial court that despite previously being provided with a copy of the recorded jail call via discovery, defense counsel failed to request a redaction. Thus, we conclude that the drastic remedy of a mistrial was not warranted in this case, and that the trial court did not err in denying the motion for new trial. For the foregoing reasons, we find no merit in the sole assignment of error.

## CONCLUSION

For all of the above and foregoing reasons, the defendant's conviction, habitual offender adjudication, and sentence are affirmed.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**