STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 KA 0031

STATE OF LOUISIANA

VERSUS

PATRICK CALLEGAN

Judgment Rendered: _____NOV 1 3 2024_____

Appealed from the
18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Docket No. 1031-17

The Honorable Elizabeth A. Engolio, Judge Presiding

Antonio M. Clayton
District Attorney
Trenton J. Shows
Assistant District Attorney
Port Allen, Louisiana

Counsel for Appellee,
State of Louisiana

Katherine M. Franks
Madisonville, Louisiana

Counsel for Defendant/Appellant,
Patrick Callegan

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

GREENE, J. concurs

**MILLER, J.**

On September 7, 2017, the defendant, Patrick J. Callegan, was charged by grand jury indictment with first degree rape, a violation of La. R.S. 14:42.[1] He initially pled not guilty but entered a guilty plea to the amended charge of second degree rape, a violation of La. R.S. 14:42.1. On September 24, 2020, this court set aside his conviction and sentence and remanded the case to the trial court to allow him the opportunity to withdraw his guilty plea. State v. Callegan, 2019-1243 (La. App. 1st Cir. 9/24/20), 2020 WL 5688757 (unpublished). On remand, the defendant withdrew his guilty plea, and the matter proceeded to trial on the original charge of first degree rape, and the defendant was convicted on June 21, 2023 by a unanimous jury. On July 31, 2023, the trial court sentenced the defendant to life imprisonment.[2] The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the conviction, amend the sentence, and affirm the sentence as amended.

## FACTS

On June 17, 2017, six-year-old K.B.G.[3] disclosed to her great grandmother, S.M., that the defendant, a family acquaintance, vaginally raped her during a prior visit to S.M.'s home in White Castle. K.B.G.'s mother brought her to the hospital, where staff notified the police and performed a sexual assault examination. DNA analysis of the sexual assault kit showed the defendant could not be excluded as the male DNA donor on swabs from K.B.G.'s vaginal area. The defendant

---

[1] The defendant was also charged with intimidating a witness, a violation of La. R.S. 14:129.1, but the State entered a nolle prosequi on the charge.

[2] The sentencing transcript reflects the trial court failed to restrict benefits on the sentence as statutorily mandated by La. R.S. 14:42(D)(2)(b). However, when a trial court does not mention the restriction of benefits provided in the sentencing statute, such conditions are self-activating pursuant to La. R.S. 15:301.1(A). Thus, no corrective action is needed in this case. See State v. Meek, 2023-0362 (La. App. 1st Cir. 11/9/23), 379 So. 3d 67, 69 n.1, writ denied, 2023-01639 (La. 5/29/24), 385 So. 3d 703.

[3] Because the charged crime is a sex offense, we reference the victim by her initials only. See La. R.S. 46:1844(W)(1)(a).

2

confessed in his interview with police and was arrested for the first degree rape of K.B.G.[4]

## AMENDMENT OF INDICTMENT

In his first assignment of error, the defendant argues the State failed to timely amend the indictment before trial. A defendant has a constitutional right to be advised, in a criminal prosecution, of the nature and cause of the accusations against him. La. Const. art. I, § 13. An indictment is a written accusation of crime made by a grand jury. La. C.Cr.P. art. 383. The district attorney has full authority to amend indictments, both as to form and substance, at any time before trial. However, if the district attorney substantively amends the indictment after trial begins, the trial court shall order a mistrial. See La. C.Cr.P. art. 487(A); see also State v. Charles, 2019-0757 (La. App. 1st Cir. 8/19/19), 2019 WL 3891818, *1 (unpublished), writ denied, 2019-01615 (La. 7/24/20), 299 So. 3d 49 (per curiam). The purpose of requiring the State to amend an indictment before trial is to provide the defendant with adequate notice of the crime for which he is charged so he can properly prepare his defense. When the indictment against the defendant provides sufficient notice of the crime with which he is charged, a defendant suffers no prejudice. State v. Dean, 2010-1020 (La. App. 1st Cir. 12/22/10), 2010 WL 5442005, *8 (unpublished), writ denied, 2012-0011 (La. 8/22/12), 97 So. 3d 355.

The time for testing the sufficiency of a bill of information is before trial by way of a motion to quash or an application for a bill of particulars. State v. Draughn, 2005-1825 (La. 1/17/07), 950 So. 2d 583, 623, cert. denied, 552 U.S. 1012, 128 S. Ct. 537, 169 L. Ed. 2d 377 (2007). A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. Id.

---

[4] Prior to giving a statement, the defendant was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

In the instant case, the State originally charged the defendant by grand jury indictment with first degree rape. He pled guilty to an amended charge of second degree rape in exchange for a sentence of thirty-five years. The defendant withdrew his guilty plea at a hearing on July 27, 2022, after which the State and the trial court advised the defendant he would be tried on the original charge of first degree rape.

Before trial, the defendant filed two pro se motions to quash the indictment based on double jeopardy and numerous other grounds, pursuant to La. C.Cr.P. arts. 532 and 533. The trial court denied both motions. Subsequently, on April 26, 2023, the State made a handwritten amendment to the amended indictment changing the charge from second degree rape back to the original charge of first degree rape.

Trial in this matter began on June 20, 2023. During voir dire examination, all parties informed the jury that the defendant was charged with first degree rape. After jury selection, the defendant re-urged the motions to quash on a new ground; namely, he argued his guilty plea to second degree rape was a conviction and, therefore, the greatest offense with which the State could charge him was second degree rape. The trial court again denied the motions, to which the defendant did not object. The deputy clerk of court then read aloud the indictment, which stated the charge as first degree rape. The jury found the defendant guilty of first degree rape, and the defendant did not object to the verdict. At the sentencing hearing on July 31, 2023, the trial court sentenced him to life in prison.

Initially, we note that in the two motions to quash the indictment filed by the defendant, he asserted numerous grounds upon which he argued that the indictment should be quashed. However, the State's alleged failure to timely amend the indictment was not raised in these motions. Although he re-urged the motions on the morning of trial, he still did not argue the State failed to timely amend the

4

indictment. Thus, the defendant did not raise the sufficiency of the indictment in a motion to quash before the trial court. Nonetheless, as the defendant has made a post-verdict attack on the sufficiency of the indictment, we will address his claims of an untimely amendment. Such an attack should be rejected unless the indictment failed to give the defendant fair notice of the offense charged. See Draughn, 950 So. 2d at 623.

On appeal, the defendant concedes he was aware the State intended to charge him with first degree rape. However, he contends the State orally amended the indictment immediately prior to sentencing. The record reflects the indictment was actually amended on April 26, 2023, and filed as amended prior to trial. Thus, the defendant's assertion that the State orally amended the indictment at the sentencing hearing on July 31, 2023, is incorrect.[5]

Moreover, the defendant had ample notice both before and after the April 26, 2023 amendment that the State intended to bring him to trial on the charge of first degree rape. When the defendant re-urged his motion to quash on the day of trial, June 20, 2023, he was clearly aware the indictment had been amended to reflect the original charge of first degree rape, as he argued the State should try him on second degree rape instead. Further, the defendant did not object to or raise any issue as to the State's alleged failure to amend the indictment at any point during trial. The trial court, the parties, and the minute clerk all stated the defendant was charged with first degree rape without objection from the defendant. Therefore, the defendant was clearly on notice of the offense charged and the indictment was timely amended. This assignment of error is without merit.

---

[5] The defendant claims the sentencing minute entry reflects the State orally amended the indictment. However, the minutes simply list the charge as "2ND DEGREE RAPE AMENDED TO 1ST DEGREE RAPE[.]" Thus, it does not reflect the State amended the charge at that time. Moreover, the sentencing transcript is void of any reference to such amendment, which the defendant concedes on appeal.

## MOTION FOR MISTRIAL

In his second assignment of error, the defendant argues the trial court erroneously denied his motion for mistrial after the State elicited testimony referring to inadmissible other crimes evidence. He further argues the trial court erred in finding the evidence admissible as part of the *res gestae* of the offense.

Evidence of other crimes is generally not admissible. However, other crimes evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." La. C.E. art. 404(B)(1)(a). This exception, formerly known as *res gestae*, incorporates a rule of narrative completeness without which the State's case would lose its narrative momentum and cohesiveness. Such evidence forms part of the *res gestae* when it is so nearly connected to the charged offense the State cannot accurately present its case without reference to that evidence. See State v. Taylor, 2001-1638 (La. 1/14/03), 838 So. 2d 729, 741, cert. denied, 540 U.S. 1103, 124 S. Ct. 1036, 157 L. Ed. 2d 886 (2004); State v. Adams, 2023-0795 (La. App. 1st Cir. 3/22/24), 387 So. 3d 668, 672.

Close proximity in time and location is required between the charged offense and the other crimes evidence to ensure the purpose served by the admission of other crimes evidence is not to depict the defendant as a bad man but, rather, to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. Taylor, 838 So. 2d at 741. The *res gestae* doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. Id.

Under La. C.Cr.P. art. 770(2), upon motion of a defendant, a mistrial shall be ordered when the judge, district attorney, or a court official makes a remark or comment within the hearing of the jury that refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. As a general rule, a State witness is not a "court official" within the meaning of Article 770. However, an impermissible reference to another crime deliberately elicited from a State witness by the prosecutor would be imputable to the State and would mandate a mistrial. State v. Caminita, 2016-0121 (La. App. 1st Cir. 9/16/16), 203 So. 3d 1100, 1105, writ denied, 2016-2045 (La. 9/6/17), 224 So. 3d 988.

A mistrial is a drastic remedy that should only be declared upon a clear showing of prejudice by the defendant. The trial court has broad discretion in determining whether conduct is so prejudicial as to deprive an accused of a fair trial. Caminita, 203 So. 3d at 1106. A reviewing court in Louisiana should not reverse a defendant's conviction and sentence unless the error has affected the substantial rights of the accused. See La. C.Cr.P. art. 921; Caminita, 203 So. 3d at 1106.

On direct examination of Detective Leslie Bradford with the Iberville Parish Sheriff's Office, the State inquired about the investigation leading to the defendant's arrest. Detective Bradford testified that when she initially interviewed the defendant, he denied K.B.G.'s allegations. Detective Bradford decided not to apply for an arrest warrant for the defendant at that time. When the State asked Detective Bradford what prompted her to later apply for an arrest warrant, she stated that after speaking to various witnesses, she obtained an arrest warrant for the defendant for intimidating a witness because the defendant was warned not to contact K.B.G.'s family. Detective Bradford further stated that she subsequently

conducted an interview wherein the defendant admitted to raping K.B.G. and she then applied for an warrant.

The defendant immediately objected and moved for a mistrial, arguing Detective Bradford referred to other crimes evidence by stating the defendant was arrested for intimidating a witness. The trial court agreed Detective Bradford should not have mentioned the intimidation charge but ultimately ruled it could be considered part of the *res gestae* and denied the motion for mistrial. The defendant noted his objection but did not request that the trial court admonish the jury.

After review, we find that Detective Bradford's statement constituted an impermissible reference to another crime or bad act and was improperly presented to the jury. The trial court's ruling on the admissibility of the other crimes evidence was error. The witness intimidation does not relate to conduct that constitutes an integral part of the rape, is not so nearly connected to the rape that the State could not accurately present its case without reference to that evidence, and was not in close proximity in time and location to the rape. However, the erroneous admission of other crimes evidence is subject to a harmless error analysis. See Adams, 387 So. 3d at 674. An error in the admission of other crimes evidence is not harmless unless a reviewing court determines that the verdict actually rendered was surely unattributable to the error. State v. Brown, 2018-01999 (La. 9/30/21), 330 So. 3d 199, 236, cert denied, ___ U.S. ___, 142 S. Ct. 1702, 212 L.Ed. 2d 596 (2022). Some of the evidence in this case consisted of testimony, interviews, medical records, DNA swabs, a sexual assault kit, and text messages. Further, and most importantly, the defendant, after being advised of his rights, confessed to raping K.B.G. in his second interview.

Much credit should be accorded to the good sense and fair-mindedness of the jurors who have seen the evidence, heard the arguments, and been instructed by the trial judge that arguments of counsel are not evidence. State v. Dupre, 2022-

1228 (La. App. 1ˢᵗ Cir. 4/14/23), 367 So. 3d 81, 90, <u>writ not considered</u>, 2023-01333 (La. 12/19/23), 374 So. 3d 979. There is no indication that the jury was unable to discern and distinguish the acts constituting the offense of first degree rape from the brief reference to the other act of intimidation of a witness. We are convinced that the verdict rendered in this case was surely unattributable to any error in the admission of Detective Bradford's statement. Thus, we find that the drastic remedy of a mistrial was not warranted in this case, and the trial court did not err in denying the defendant's motion for mistrial. Accordingly, this assignment of error lacks merit.

## PATENT ERROR

Pursuant to La. C.Cr.P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. <u>State v. Anthony</u>, 2023-0117 (La. App. 1ˢᵗ Cir. 11/3/23), 378 So. 3d 766, 775, <u>writ denied</u>, 2024-00027 (La. 5/21/24), 385 So. 3d 242. After a careful review of the record, we have found two patent errors.

The trial court failed to impose the sentence herein at hard labor as statutorily required by La. R.S. 14:42(D)(2)(b).[6] Thus, the sentence is illegally lenient. Inasmuch as an illegal sentence is an error discoverable by a mere inspection of the proceedings without inspection of the evidence, La. C.Cr.P. art. 920(2) authorizes consideration of such an error on appeal. Further, La. C.Cr.P. art. 882(A) authorizes the appellate court to correct an illegal sentence on review. Because the trial court had no discretion in imposing the sentence at hard labor, we

---

[6] Although the minutes and commitment order state the trial court imposed the sentence at hard labor, the sentencing transcript reflects the trial court did not. When there is a discrepancy between the transcript and the minutes and/or commitment order, the transcript prevails. <u>State v. Lynch</u>, 441 So. 2d 732, 734 (La. 1983); <u>see also</u> <u>State v. Johnson</u>, 2020-0679 (La. App. 1ˢᵗ Cir. 4/28/21), 2021 WL 1662420, *6 n.4 (unpublished), <u>writ denied</u>, 2021-00802 (La. 10/5/21), 325 So. 3d 381.

amend the sentence by providing it be served at hard labor. See State v. Jefferson, 2018-0037 (La. App. 1st Cir. 6/1/18), 2018 WL 2454474, *4 (unpublished).

Additionally, the trial court failed to advise the defendant of the applicable time period to file an application for post conviction relief. Louisiana Code of Criminal Procedure article 930.8(C) directs the trial court to inform the defendant of the prescriptive period for applying for post conviction relief at the time of sentencing. State v. LeBoeuf, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So. 2d 1134, 1142, writ denied, 2006-2621 (La. 8/15/07), 961 So. 2d 1158. Its failure to do so, however, has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. Further, La. C.Cr.P. art. 930.8 does not provide a remedy for an individual defendant who is not told of the limitations period. Id. at 1142-43.

Out of an abundance of caution and in the interest of judicial economy, we advise the defendant that La. C.Cr.P. art. 930.8 generally provides that no application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. Id. at 1143.

**CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.**